**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 98-1202**

———————

SHARON MARIE LEE,

Plaintiff - Appellant,

versus

PIGGLY WIGGLY, INCORPORATED,

Defendant - Appellee.

———————

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Joseph F. Anderson, Jr., District
Judge.  (CA-96-3210-17BD-3)

———————

Submitted:  May 29, 1998          Decided:  June 24, 1998

———————

Before HAMILTON and MOTZ, Circuit Judges, and PHILLIPS, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Sharon Marie Lee, Appellant Pro Se.  Kathryn Thomas, GIGNILLIAT,
SAVITZ & BETTIS, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Sharon Marie Lee appeals the district court's order entering judgment after a jury trial in favor of Piggly Wiggly, Inc. Lee alleged sexual harassment and constructive discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) (1994). On appeal, Lee claims error because one of the witnesses was sworn in without using the Bible. She further contends that the witness was not required to remain in the courtroom during the entire trial even though the witness was the alleged perpetrator, but the witness was sequestered at Lee's request. Lee also registers general dissatisfaction with the jury's verdict and claims that her employer knew or should have known of the harassment. However, none of Lee's allegations of error state a claim for relief on appeal. See Fed. R. Civ. P. 43(d); AG Sys. Inc. v. United Decorative Plastics Corp., 55 F.3d 970, 972-73 (4th Cir. 1995) (invited error doctrine); United States v. Looper, 419 F.2d 1405, 1407 (4th Cir. 1969) ("neither an appeal to God nor the raising of a hand [is] a prerequisite to a valid oath"). Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2